815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joanne LEONI; William H. Leoni; Leor Industries, Inc., a
Michigan corporation; Charles J. Rogers Construction
Company, a Michigan corporation and Charles J. Rogers, Inc.,
a Michigan corporation, Plaintiffs-Appellants,
v.
Charles K. ROGERS, Daniel Organ & Donald E. Schmaltz; Paul
Gusho d/b/a Schmaltz & Company; Michael Gleeson;
Lawrence Rogers, jointly and severally,
Defendants-Appellees.
 Nos. 816-1105, 86-1562.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1987.
 
 Before MARTIN and NELSON, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 
 1
 Joanne and William Leoni here appeal the jurisdictional dismissal of their claim against Charles K. Rogers et al. for violation of federal securities law anti-fraud provisions. The district court held that the "sale of business doctrine" placed the Leoni's purchase of one hundred percent of the stock in Charles J. Rogers, Inc. and Charles K. Rogers Construction Company outside the scope of the protection of the federal securities laws.
 
 
 2
 After consideration of the briefs, record, and district court opinion in this case we find it necessary to remand the matter to the district court for further consideration in light of two Supreme Court opinions issued May 28, 1985, before the district court's December 23, 1985 opinion. These cases, Landreth Timber Co. v. Landreth, 105 S. Ct. 2297 (1985), and Gould v. Ruefenacht 105 S. Ct. 2308 (1985), squarely address the "sale of business doctrine" as it relates to the purchase of stock and therefore affect the disposition of this case. Specifically, Landreth Timber Co. v. Landreth, 105 S. Ct. 2297 (1985), is a reversal of the Ninth Circuit's opinion at 731 F.2d 1348 (9th Cir. 1984) which is cited by the district court as authority in its opinion.
 
 
 3
 We find the district court erred by failing to recognize the Supreme Court's apparent resolution of the split between the circuits on the issue of jurisdiction. Therefore the judgment of the district court is vacated and
 
 
 4
 It is ORDERED that this case be remanded to the district court for further consideration in light of the above-cited Supreme Court opinions.